**Maxwell Tillman COHEN**

v.

**Jacob Henry RODENBAUGH and Richard Kane, doing business under the trade name of Minisink Hills Stables.**

Civ. A. No. 19748.

United States District Court
E. D. Pennsylvania.

Oct. 17, 1957.

Charles A. Lord, of Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Max E. Cohen, Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

The Court dismissed this action after the plaintiff at the trial had produced all his evidence upon the question of liability. This motion for a new trial followed.

The plaintiff and his two daughters had engaged three horses at the defendants' stable. After the party had been riding a while a man unexpectedly appeared from behind some bushes near the road, the horses, startled, bolted and the children fell off, after which their mounts proceeded to a nearby field and began to graze. The plaintiff dismounted and went into the field to retrieve the horses and in attempting to do so came within range of the heels of one of them and received a kick in the mouth. For injuries so received the plaintiff brought this suit.

Clearly, a person is liable for injuries resulting from the actions of a domestic animal he owns only if he is guilty of negligence with respect to his control of the animal. See Andrews v. Smith, 324 Pa. 455, 188 A. 146. The plaintiff here claims that the defendant was negligent in renting to him an animal of known vicious disposition and with a habit of kicking.

There are, of course, certain risks attendant upon riding or coming close to any riding horse and these a person renting such a horse assumes. The Court must take notice that even the most tranquil horse may on occasion give a kick. The only evidence upon which the plaintiff relies to prove the horse's vicious disposition or kicking habit and the owner's knowledge is the plaintiff's testimony that, following the accident, the defendant Rodenbaugh stated that, on the day before, the horse had thrown a named woman. The defendant's mention of this incident cannot be taken as any proof that the horse was vicious or dangerous, especially since there was nothing to show how the accident came about or whether the horse or the rider was to blame for it, and so far as any alleged habit of kicking is concerned it is

not even remotely relevant. Consequently the plaintiff's case does not disclose that the defendants were negligent in permitting others to ride the horse.

Since the plaintiff so plainly failed to establish negligence on the part of the defendants there is no need to consider whether the Court was right in ruling that the plaintiff did not present a case free from contributory negligence. The plaintiff's motion for a new trial is denied.