**John B. BURWELL, Plaintiff,**

v.

**Thomas V. CRIST and Barbara Crist, his wife, Defendants.**

**Civ. A. No. 8506.**

United States District Court
M. D. Pennsylvania.

March 7, 1966.

Hurwitz, Klein, Meyers, & Benjamin, Harrisburg, Pa., for plaintiff.

Dowling & Dowling, Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

The Court directed verdict for the defendants after the plaintiff had produced all his evidence at the trial upon the question of liability. This motion for a new trial followed.

The plaintiff left his eleven year old daughter at a summer camp owned and operated by the defendants. The daughter was killed a few days later, apparently from injuries suffered when she was kicked by a horse which was kept at the camp as part of the recreational activities. The plaintiff brought this suit under the Wrongful Death Act and the Survival Act of Pennsylvania.

In his motion for a new trial, the plaintiff contends the Court erred in not permitting the investigating policeman to testify to certain circumstances relating to the accident as told to the policeman by an employee of the defendants.[1] The employee was a riding instructor at the defendants' camp.

Although there are instances when admissions by an employee against the interest of his employer may be testified to as an exception to the Hearsay Rule,[2] this is not such a case. The exception rests on principles of Agency. The agent or employee must have been authorized to make the admissions. The only testimony relating to this problem is that one of the defendants introduced the policeman to the employee. Nothing indicates that the defendant had thereby authorized, either directly or impliedly, the employee to speak for the defendants or to make admissions for them. In fact, it appears that there was a temporary hiatus in the employer-employee relationship. The testimony which was not per-

1. It was conceded during oral argument that the statements were not part of the res gestae; that this was not a case for the application of res ipsa loquitur and that the plaintiff did not rely on the doctrine of exclusive control.

2. See Henry on Pennsylvania Evidence, Sections 93–95 (4th Ed., 1965 Supp.); 31A C.J.S. Evidence § 343.

mitted was hearsay and was properly excluded.[3]

The plaintiff also contends that the circumstances required submission of the question of negligence to the jury. Even if the policeman had been allowed to testify, the plaintiff failed to make out an issue of negligence.

In Pennsylvania, a domestic animal must be shown to have vicious propensities abnormal for its class and the owner should have reason to know of such propensities before he is liable for harm caused by the animal.[4] The only testimony which related to this as told to the policeman by the employee was apparently that the employee heard a thud, looked up, saw the decedent on the ground and the horse had just passed or kicked the decedent. This is not notice to the defendants. A riding instructor who had been fired by the defendants that summer testified she vaguely remembered the particular horse and remembered one incident where another horse "came up behind me much too close" and the horse had lifted a hind leg "as if to kick". She also stated she never saw the horse really lash out to kick. The only other testimony on this issue was that on one occasion some unidentified horse had at one time kicked. The testimony was completely insufficient to show the required knowledge on the part of the defendants.

"Clearly, a person is liable for injuries resulting from the actions of a domestic animal he owns only if he is guilty of negligence with respect to his control of the animal." Cohen v. Rodenbaugh, 162 F.Supp. 748 (E.D.Pa.1957); affirmed 255 F.2d 105 (3rd Cir. 1958). The plaintiff has failed to establish such negligence.[5]

The plaintiff's motion for a new trial will be denied.

---

3. It should be noted that the address of the employee had been given to the plaintiff and there was no reason offered for not producing the employee.

4. Andrews v. Smith, 324 Pa. 455, 188 A. 146 (1936).

5. 54 C.J.S. Livery-Stable Keepers § 17; Restatement, Second, Torts, Sec. 302, Comment (i).